UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

HEATHER ANN P.,[1]

                              Plaintiff,                  **DECISION AND ORDER**

v.

                                                       6:20-cv-06429 (JJM)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

        This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff was not entitled to disability insurance benefits ("DIB"). Before the court are the parties' cross-motions for judgment on the pleadings [17, 18].[2] The parties have consented to my jurisdiction [19]. Having reviewed the parties' submissions [17, 18, 20], this matter is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

## BACKGROUND

        The parties' familiarity with the 1,347-page administrative record ([14], [14-1] (collectively, the "Administrative Record") is presumed. Plaintiff filed an application for DIB on December 13, 2016 alleging disability beginning August 1, 2012. Administrative Record [14] at 15.

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]     Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination.

Plaintiff's claim was denied initially and upon reconsideration. Id. An administrative hearing was held on March 26, 2019. See id. at 30-64 (transcript of hearing). Plaintiff appeared with counsel before Administrative Law Judge ("ALJ") Jennifer Gale Smith. See id. On May 10, 2019, ALJ Smith issued a decision finding that plaintiff was not disabled under the Social Security Act through the last date insured. Id. at 25. Following an unsuccessful request for review with the Appeals Council (id. at 1-6), plaintiff initiated this action.

A.  **ALJ Smith's Decision**

ALJ Smith found that plaintiff's severe impairments were "obesity, scoliosis, asthma, meralgia paresthetica right thigh, posttraumatic brain syndrome, lumbar and thoracic strain, right shoulder tendonitis, anxiety disorder, depressive disorder, posttraumatic stress disorder, and gender binary disorder".[3] Id. at 17. She determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work through her last insured date, with additional limitations. In addition to the exertional and nonexertional limitations related to her physical conditions (which plaintiff does not contest), ALJ Smith found that plaintiff had the following limitations related to her mental conditions:

> "The claimant should work at simple, routine and repetitive tasks. The claimant should work in a low stress job defined as occasional decision-making, occasional judgment required and occasional changes in the work setting. The claimant should work at goal oriented work rather than production pace rate work. The claimant should have occasional contact with coworkers, supervisors and the public."

Id. at 19.

---

[3]  Plaintiff does not contest these findings.

To support the non-exertional, mental limitations in her RFC findings, ALJ Smith outlined some of the evidence contained within over 1,000 pages of medical records (id. at 20-21, 23). She considered opinions concerning plaintiff's non-exertional limitations from: plaintiff's treating psychologist, Deborah Marshall, Psy.D. (id. at 20-21, 23, 662-674); plaintiff's treating psychiatrist, Alison Sastry, M.D. (id. at 20-21, 23, 1336-40); and State agency psychological consultants Mary Burkhart, Ph.D., and S. Bhutwala, Ph.D. (id. at 20, 69-75, 85-91).

## ANALYSIS

### A.   Standard of Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938). It is well settled that an adjudicator determining a claim for DIB and/or SSI employs a five-step sequential process. Shaw, 221 F.3d at 132; 20 C.F.R. §§ 404.1520, 416.920. The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. See Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

### B.   Did ALJ Smith Err by Failing to Consider Dr. Kimball's Report?

Plaintiff argues that the ALJ erred when she failed to consider and evaluate a July 12, 2012 functional capacity opinion completed for the Veterans Administration (the "VA") by

-3-

psychologist Kerry Kimball[4] in connection with a compensation and pension ("C & P") examination. Plaintiff's Memorandum of Law [17-1] at 26-28; *see also* Administrative Record [14] at 402-10 (Dr. Kimball's Disability Benefits Questionnaire). I agree, and therefore remand this matter for further proceedings.

Dr. Kimball's July 12, 2012 report is based upon her examination of the plaintiff in addition to her review of the plaintiff's mental health treatment records. Administrative Record [14] at 406-410. Dr. Kimball identified the plaintiff's primary mental health diagnosis of adjustment disorder with mixed emotional features of anxiety and depression. Id. at 404. She opined that as a result of her mental diagnosis, plaintiff suffered from an "occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily with normal routine behavior, self-care and conversation". Id. at 405. In addition, Dr. Kimball stated that plaintiff's symptoms included depressed mood, anxiety, suspiciousness, panic attacks more than once a week, chronic sleep impairment, disturbances of motivation and mood, and difficulty in adapting to stressful circumstance, including work or a work-like setting. Id. at 409-10. Under the "other symptoms" heading of the questionnaire, Dr. Kimball indicated that plaintiff suffered from "ruminations" and "despair" and cited, as an example, plaintiff's statement that she stays in bed until two or three in the afternoon and "just [doesn't] want to do anything". Id. at 410.

It is well settled that the RFC need "not perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision". Matta v. Astrue, 508 Fed. Appx. 53, 56 (2d Cir. 2013) (Summary Order). However, when an ALJ rejects an opinion from a medical source concerning plaintiff's functional abilities, he or she must explain why the opinion was not

---

[4]  Dr. Kimball is referred to in her report as a "psychologist", although her technical qualification (*e.g.* Psy.D.) is not listed.

adopted.  *See* Dioguardi v. Commissioner of Social Security, 445 F.Supp.2d 288, 297 (W.D.N.Y. 2006) ("[u]nder the Commissioner's own rules, if the ALJ's 'RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.' Soc. Sec. Ruing 96-8p (1996)").

The Commissioner argues that ALJ Smith was not required to acknowledge Dr. Kimball's report because "it was conducted prior to the relevant period under review", and because it is "not more restrictive than the ALJ's RFC finding for low-stress work involving simple, routine, repetitive tasks and occasional interaction with others".  Commissioner's Brief [18-1] at 13. Accordingly, the Commissioner argues that even if the ALJ erred when she failed to discuss Dr. Kimball's opinion, her error was harmless.  Id.

I do not agree.  "When determining a claimant's RFC, an ALJ must evaluate every medical opinion received. 20 C.F.R § 416.927(c).  That includes evidence from outside the disability period if that evidence relates to the relevant time frame."  Dustin M. v. Commissioner of Social Security, 2021 WL 3492923, *2 (W.D.N.Y. 2021).  *See also* 20 C.F.R. §§416.927(c) and 404.1527(c) ("[r]egardless of its source, we will evaluate every medical opinion we receive"); 20 C.F.R. §§404.1545 and 416.945 ("[w]e will assess your residual functional capacity based on all of the relevant medical and other evidence.").  The timing of a functional opinion may impact its relevance.  For example, in McKintsry v. Astrue, 2012 WL 619112 (D.Vt. 2012), the court considered whether an ALJ erred when he did not address a June 2010 opinion letter authored by plaintiff's treating physician.  The court found that the ALJ's failure to address the June 2010 letter was harmless error because the letter did "not provide specific information about the severity or debilitating effects" of plaintiff's pain, or explain whether the limitations described in the letter reflected plaintiff's limitations during the relevant period:

-5-

August 20, 2003 through June 30, 2006. Id. at *6; *see also* Zabala v. Astrue, 595 F.3d 402, 410 (2d Cir 2010) ("to the extent that any of the indicators in the 2002 report might be deemed to reflect a more severe condition, they are less relevant to the period under review (which ended on January 3, 2001) than the 2001 report because they refer to a more remote period").

Here, Dr. Kimball's July 12, 2012 opinion was authored close in time to the period under consideration: August 1, 2012 through December 31, 2017. Nowhere in Dr. Kimball's opinion does she suggest that plaintiff's impairment was likely to spontaneously improve in a matter of weeks, or that plaintiff's functional impairments would not continue past the date of her examination.

Moreover, I do not agree that the ALJ's failure to consider Dr. Kimball's opinion did not prejudice the plaintiff. The Commissioner argues that Dr. Kimball's functional assessment was "not more restrictive than the ALJ"s RFC fining for low-stress work involving simple, routine, repetitive tasks and occasional interaction with others". Commissioner's Brief [18-1] at 13. I disagree. First, nowhere does ALJ Smith discuss how these restrictions would alleviate the limitations that Dr. Kimball assessed. Further, Dr. Kimball opined that plaintiff's functional impairment would cause "**intermittent periods of inability** to perform occupational tasks". Administrative Record [14] at 405 (emphasis added). The amount of time per day or per month that plaintiff is unable to perform job duties due to her mental health condition may be determinative. The vocational expert testified that the maximum amount of off-task time an employer would tolerate "is up to ten percent of the workday in addition to normal breaks, or about six minutes per hour". Id. at 61. In addition, employers would tolerate "no more than one unscheduled absence per month on the average". Id. A person exceeding these allowances could not maintain any job. Id. If plaintiff were unable to perform her job duties for intermittent

-6-

periods totaling greater than 10% of a work day, or causing her to be unexpectedly absent from work greater than once per month, she would be unable to maintain employment.

Accordingly, ALJ Smith's failure to discuss, or even acknowledge, Dr. Kimball's functional assessment was legal error:

> "In this case, the ALJ failed to even discuss Dr. Reynolds' opinion . . . Moreover, this error was not harmless, because the limitations opined in Dr. Reynolds' opinion were quite restrictive and could have resulted in a finding of disability-or at the very least a more restrictive RFC finding- if given weight by the ALJ."

Lewis v. Colvin, 2017 WL 2703656, *2 (W.D.N.Y. 2017).

Although ALJ Smith is not required to credit Dr. Kimball's opinions, she is not free to simply ignore Dr. Kimball's assessment in its entirety.  See Stack v. Commissioner, 2020 WL 5494494, *4-6 (W.D.N.Y. 2020) (finding that, although not required to accept the VA's determination of disability, the ALJ nonetheless "committed legal error in failing to address the functional assessments from the C & P examination[]" of Dr. Reynolds).

Because remand is necessary, I do not reach plaintiff's remaining arguments.  See Stack, 2020 WL 5494494, *6 ("[b]ecause the Court has determined that remand is warranted on this basis, it need not reach plaintiff's remaining arguments").  To do so here would be premature, as the ALJ's consideration of Dr. Kimball's assessment may impact her assessment of the other opinion evidence, and in determining the plaintiff's RFC, including whether the remaining opinion evidence and the plaintiff's testimony is consistent with the record as a whole.

## CONCLUSION

For these reasons, plaintiff's motion for judgment on the pleadings [17] is granted to the extent that this matter is remanded to the Commissioner for further proceedings

consistent with this Decision and Order.  Accordingly, the Commissioner's motion for judgment on the pleadings [18] is also denied.

**SO ORDERED**.

Dated:  January 14, 2022

/s/     Jeremiah J. McCarthy<br>
JEREMIAH J. MCCARTHY<br>
United States Magistrate Judge